

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| LEON WASHINGTON,<br>TDCJ-CID No. 0528549,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CIPRIANO GARCIA, *et al.*,<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§　　2:19-CV-131-Z-BR<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil-rights Complaint brought under 42 U.S.C. § 1983 ("Complaint") (ECF No. 3), filed June 25, 2019. Plaintiff filed suit *pro se* while incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. The Court granted Plaintiff permission to proceed *in forma pauperis*. ECF No. 6. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

### FACTUAL BACKGROUND

Plaintiff asserts that on March 1, 2019, Defendant Garcia intentionally destroyed Plaintiff's personal property. ECF No. 3 at 4. Plaintiff further alleges Defendant Flenory lied about the destruction of property during an investigation into the incident and Defendant Richerson failed to properly process Plaintiff's grievances and oversee the investigation concerning this incident. *Id.* Plaintiff asserts that his property was destroyed in violation of the Fourth Amendment. *Id.*

LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

ANALYSIS

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV. To any extent that Plaintiff sues Garcia in his official capacity, Eleventh Amendment bars such claims, and those claims must be dismissed. *See Houston v. Zeller*, 91 F. App'x 956, 957 (5th Cir. 2004). To the extent that Plaintiff sues Garcia in his individual capacity, such claim is frivolous.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

Under the *Parratt/Hudson* doctrine,[5] "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the state fails to provide an adequate postdeprivation remedy." *McClure v. Turner*, 481 F. App'x 167, 172 (5th Cir. 2012) (citing *Zinermon v. Burch*, 494 U.S. 113, 115 (1990)). The Fifth Circuit held:

> This Court has recognized that Texas's tort of conversion provides an adequate state postdeprivation remedy for prisoners who claim procedural due process violations based on deprivation of their property. Even if we assume that the alleged seizures and destruction of [the prisoner's] property were random, unauthorized acts, [the prisoner] does not meet his burden of showing why we should now revisit our prior ruling.

*McClure*, 481 F. App'x at 172 (citing *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994)); *see also* TEX. GOV'T CODE § 501.007 (providing up to $500 to remedy Texas inmate's claim of lost or damaged property). A postdeprivation remedy is not inadequate merely based on allegations that the state institution or employee refuses to assist inmates with filing state tort suits, fails to provide legal assistance, or does not stock books regarding such suits in the library. *See id.*

In his Complaint, Plaintiff alleges Defendant Garcia intentionally used a pair of handcuffs to destroy/break his personal property, and that Defendant Flenory observed this intentional behavior before lying about the destruction during an investigation into the matter. Plaintiff fails to provide any explanation why the state postdeprivation remedy was not pursued or was inadequate. ECF No. 3 at 3–4.

*Hudson* specifically extended the postdeprivation state-court remedy doctrine to *include* instances where intentional deprivation of property occurred, and Texas tort remedies also provide

---

[5] This is the doctrine of adequate postdeprivation state court remedies established by two precedential Supreme Court decisions. *See Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds in Daniels v. Williams*, 474 U.S. 327, 330 (1986).

3

for damages for intentional theft. *See generally Amir-Sharif v. Bostic*, No. 01-15-00697-CV, 2016 WL 7164019 (Tex. App.–Houston [1st Dist.] Dec. 8, 2016, pet. dism'd w.o.j.) (holding alleged due-process violation based on intentional destruction of inmate's property by prison officials had a meaningful postdeprivation remedy for such destruction under Texas Government Code § 501.007). But even if Plaintiff was unaware such remedy existed to cover intentional deprivation, his unawareness does not indicate such remedy was inadequate. Plaintiff does not assert Defendant Garcia's alleged intentional damage to Plaintiff's property was anything other than "random and unauthorized" because no TDCJ policy allows for intentional damage to an inmate's property. *See* ECF No. 3. Conduct is not "random and unauthorized" under the *Parratt/Hudson* doctrine if the state "delegated to [the defendants] the power and authority to effect the very deprivation complained of." *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (citing *Zinermon v. Burch*, 494 U.S. 113, 138 (1990)). Here, Plaintiff does not assert that there is a TDCJ policy that allows for this intentional conduct by Garcia.

Plaintiff claims Defendant Garcia's intentionally destroyed Plaintiff's property, which would be unauthorized, clearly distinguishable from the facts in *Allen*. In *Allen*, a prison directive allowed property to be seized in a specific instance. *See id.* The *Allen* plaintiff was, in effect, challenging the fact that a prison official followed a specific prison directive. *See id.* The *Allen* plaintiff argued the prison directive itself was a violation of due process. *Id.* By contrast, Plaintiff does not challenge the current system; he challenges a specific unauthorized act by a TDCJ employee. In fact, Plaintiff states in his grievance attached to his complaint "TDCJ isn't at fault, but the sole perpetrator Sgt. Garcia is liable!" ECF No. 3 at 6. Plaintiff's facts are distinguishable from the *Allen* case because there is no prison directive that allows for intentional destruction of property during a cell search. *See Leggett v. Williams*, No. 1:05-CV-110-BI, 2007 WL 9747622,

at *7 (N.D. Tex. Mar. 30, 2007), *amended in part*, No. 1:05-CV-110-BI, 2007 WL 9747625 (N.D. Tex. May 3, 2007), *and aff'd*, 277 F. App'x 498 (5th Cir. 2008). No prison directive authorized Defendant Garcia to destroy property during a cell search. This is precisely the type of case where the *Parratt/Hudson* doctrine applies. Plaintiff makes no claims that the state-court remedy would be inadequate. Based on the foregoing, the Court **DISMISSES** Plaintiff's claim against Defendant Garcia for the destruction of personal property as frivolous.

Plaintiff also alleges Defendant Flenory provided a false statement during an investigation into the destruction of property. ECF No. 3 at 3. To state a claim for relief in an action brought under Section 1983, a plaintiff must allege and show that he has been deprived of a right secured by the Constitution or laws of the United States. Plaintiff's claim regarding the alleged false statement made in the course of an investigation into the deprivation of his personal property does meet this standard and so is not actionable herein. *See Thompson v. Dretke*, No. 6:06-CV-50, 2006 WL 1207890, at *3 (E.D. Tex. May 4, 2006) ("[I]f forged records . . . were placed in [the plaintiff's] file, this could be a violation of prison regulations or even state law, but there is no showing that it is a violation of any rights protected by the Constitution or laws of the United States."); *Hicks v. Margie*, No. 08-CV-835, 2008 WL 4566995, at *2 (W.D. La., Sept. 19, 2008) ("To the extent that Plaintiff seeks to hold Defendants liable for . . . fraud, forgery, or deception, such claims are not cognizable under § 1983."). Plaintiff's conclusory statement that Defendant Flenory made a false statement to cover up the actions of Defendant Garcia, while against policy, is not a Constitutional violation. The Court thus **DISMISSES** the claim as frivolous.

Finally, Plaintiff brings claims against Defendant Richerson — a warden at the Bill Clements Unit of TDCJ — for obstructing the investigation into his grievance related to this issue. ECF No. 3 at 3. Allegations of dissatisfaction with the investigation or rejecting of grievances fail

to state a cognizable constitutional claim. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (prisoners lack federally protected liberty interest in having grievances investigated, let alone resolved in their favor); *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (holding plaintiff lacked actionable Section 1983 claim based on prison officials' failure to process grievances because plaintiff had no protected liberty interest in processing of grievances); *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137–38 (1977) (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting such procedures are not constitutionally required). The Court also **DISMISSES** this claim as frivolous.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

**SO ORDERED.**

August 26, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE